IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                         CR No. 07-1866 LH

GEORGE KOUFOS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant George Koufos's Motion for Order Modifying Defendant's Sentencing Recommendation to Have the BOP Designate a State Facility for Service of Sentence and Request for Concurrent Sentence [Doc. 93], filed May 9, 2011. The Court, having considered the motion, the briefs of the parties, and the applicable law, and otherwise being fully advised, finds that the motion shall be **denied.**

Defendant seeks an order from the Court modifying its sentencing recommendation to designate the Commonwealth of Kentucy Department of Corrections Medical Facility in LaGrange, Kentucy, the facility where he is currently serving a state sentence, as the facility for service of his federal sentence. Relatedly, Defendant also asks the Court to order or recomend that his federal sentence run concurrently with the undischarged state sentence that he is now serving.

## Background[1]

Defendant was sentenced by this Court on August 17, 2010, to a 76-month term of imprisonment. Defendant claims that at the time he was sentenced in this Court neither he nor his counsel were aware that a detainer had been lodged against him by the State of Kentucky, requiring Defendant to complete service of the undischarged balance of a 15-year state term of imprisonment before his federal sentence would commence.

On June 30, 2000, Defendant was sentenced by the Jefferson County Circuit Court in Louisville, Kentucky, Case No. 99cr2006, to a 15-year term of imprisonment for Wanton Endangerment in the First Degree, Tampering with Physical Evidence, and Perjury. While he was serving his 15-year sentence in State prison, he was convicted of bank fraud in the United States District Court for the Western District of Kentucky, in Case No. 00cr88-1, and sentenced to 5-years supervised release to run consecutive to his 15-year State sentence.

After Defendant had served nearly six years of his 15-year state sentence, the Jefferson County Circuit Court released him on February 2, 2006, determining that he was entitled to relief from his sentence under Rule 60.02 of the Kentucky Rules of Civil Procedure based on assistance that he had provided to the Federal Bureau of Investigation (FBI). After his release from state custody, on May 2, 2007, Defendant's supervised release was revoked by the Western District of Kentucky, and he was sentenced to 12 months and one day of incarceration. While Defendant was incarcerated in federal prison, the Commonwealth of Kentucky appealed the order of the Jefferson Circuit Court granting Defendant relief from his sentence based on his

---

[1] The factual background for purposes of deciding Defendant's Motion for Order Modifying Defendant's Sentencing Recommendation is derived from undisputed information provided in the parties' filings, from the Judgment (Doc. 84), from the Court's legal research, and from the pre-sentence report provided to the Court in advance of Defendant's August 17, 2010 sentencing.

cooperation with the FBI.  *See Kentucky v. Pappas*, 2007 WL 1893824, No. 2006-CA-162-MR (Ken. Ct. App. June 29, 2007).  On June 29, 2007, the Kentucky Court of Appeals determined that the trial court had abused its discretion when it granted Defendant relief under Rule 60.02 and remanded the matter for reinstatement of the original judgment and 15-year sentence.  *Id.* at *2.  According to the Order submitted by Defendant as an exhibit to his motion, it appears that the 15-year sentence was reinstated by the Jefferson Circuit Court on August 7, 2007.  (*See* Doc. 93, Ex. B.)

Three federal indictments followed the reinstatement of Defendant's 15-year state sentence and his incarceration by the Western District of Kentucy: 1) an indictment on September 6, 2007, in the District of Vermont for Felon in Possession of a Firearm (Case No. 10cr275); 2) an indictment on September 11, 2007, in the District of New Mexico for Felon in Possession of a Firearm (07cr1866); and 3) an indictment on January 9, 2008, in the District of New Hampshire for Bank Fraud (10cr586).  On February 5, 2008, Defendant completed the federal sentence imposed by the Western District of Kentucky in Case No. 00cr88-1.  Thereafter, Defendant's criminal prosecutions in the District of Vermont and the District of New Hampshire were transferred to New Mexico for a collective plea and sentence under Rule 20 of the Federal Rules of Criminal Procedure.

According to Defendant, on April 9, 2008, while Defendant was being held in the District of New Mexico, the Kentucky Commonwealth's Attorney lodged a detainer for Defendant with the United States Marshal's Service in Albuquerque, New Mexico.  Defendant attaches to his motion what purports to be such a detainer.  (*See* Doc. 93, Ex. B.)  Defendant contends that neither he nor his counsel were advised of this detainer during plea negotiations or at anytime before sentencing.  The Government responds only to the extent that it "denies any of the

3

allegations Defendant directs towards the Deputy United States Marshal Mark West and United States Probation Officer Carmen Chavez." (Doc. 94, at 2-3.)

During sentencing before this Court on August 17, 2010, counsel for Defendant requested that the Court make a recommendation to the BOP that Defendant be incarcerated in the Deven Federal Medical Center or the Ottisville Federal Correctional Institution. (*See* Doc. 93, Ex. A.) The Court recommended those two facilities, and imposed a sentence of 76 months. (*See* Doc. 84). The Court did not reference any undischarged term of imprisonment in a state case or indicate whether Defendant's federal and state sentences were to run concurrently or consecutively. (*See id.*)

Sometime after sentencing in this case, on or about September 28, 2010, Defendant was moved to Kentucky and is now confined at the Kentucky State Reformatory Medical Facility in LaGrange, Kentucky, where he is serving the balance of the 15-year sentence imposed by the Jefferson Circuit Court.

## **Analysis**

Defendant, in seeking modification of his sentence and/or the Court's sentencing recommendations, relies upon a Program Statement issued by the BOP, pursuant to authority granted by 18 U.S.C. 3621(b), on the subject of "Designation of State Institution for Service of Federal Sentence." *See* BOP Program Statement 5160.05 (Jan. 16, 2003), http://www.bog.gov/policy/progstat/5160_005.pdf. Urging the Court to request or order that his 76-month federal sentence be served concurrently with the remainder of his 15-year state sentence, Defendant relies principally upon Program Statement 5160.05(9)(b)(3), which provides as follows:

The court may, from time to time, order concurrent service of the federal sentence at

>some time after its imposition. This may occur when primary jurisdiction resided
>with the state and the court believed mistakenly that the inmate was in federal
>custody for the service of the federal sentence on the date of imposition.

BOP Program Statement 5160.05(9)(b)(3). Defendant argues that Program Statement 5160.05(9)(b)(3) authorizes the Court to order concurrent service of his state and federal sentences, even though the Court imposed its federal sentence without reference to the state sentence.

The United States responds to Defendant's motion, arguing that the Court lacks jurisdiction to modify Defendant's sentence post-imposition and suggesting that Defendant should seek a *nunc pro tunc* designation by the BOP under Program Statement 5160.05. The Court agrees with the Government's jurisdictional position as well as the course suggests for Defendant.

Under 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times will typically run consecutively, unless the district court affirmatively orders that the terms be served concurrently. *United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995). Here, the Court was silent as to whether Defendant's federal sentence should run concurrently or consecutively to the balance of his 15-year state sentence.[2] Thus, the presumption is that Defendant's 76-month federal sentence is to run ***consecutive*** to his 15-year state sentence. Despite the presumption against concurrent service, Defendant seeks a modification of his federal sentence and/or this Court's sentencing recommendations.

A district court may modify a Defendant's sentence only when Congress has

---

[2]At the time of Defendant's sentencing, the Court was not aware that Defendant's 15-year sentence had been reinstated or that the Commonwealth of Kentucky had lodged a detainer for Defendant. Consequently, the Court made no recommendation with respect to that sentence.

expressly granted it authority to do so.  *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005).   There are two primary jurisdictional avenues for modification of an imposed federal sentence: 1) Rule 35(a) of the Federal Rules of Criminal Procedure, and 2) 18 U.S.C. § 3582(c).  *See Green*, 405 F.3d at 1184.

Rule 35 allows a court to correct or reduce a defendant's sentence within 14 days after sentencing in order to correct a sentence that resulted from arithmetical, technical or other clear error.  Fed. R. Crim. P. Rule 35(a).  Because Defendant filed his motion far outside of the 14-day window for modification under Rule 35(a), the Rule simply cannot operate to provide a jurisdictional basis for modification of Defendant's sentence.

Section 3582(c), in turn, provides three basic jurisdictional grants for modification of a sentence: 1) upon a motion by the Director of the Bureau of Prisons; 2) to the extent permitted by Rule 35; and 3) where the applicable sentencing range has been lowered by the Sentencing Commission.  *See* 18 U.S.C. § 3582(c).  The Director of the Bureau of Prisons has not moved for modification; nor has the applicable sentencing range been lowered by the Sentencing Commission since the time of Defendant's sentencing.  As discussed before, Rule 35(a) may not be relied upon outside of 14 days after sentencing.  As such, § 3582(c), like Rule 35, is inapposite to Defendant's request for modification.

Despite BOP Program Statement 5160.05(9)(b)(3), which purports to allow a federal court to order concurrent service of federal and state sentences even after imposition, the Court remains without applicable statutory authority to modify Defendant's sentence.  Once again, a district court may modify a Defendant's sentence only when Congress has expressly granted it authority to do so.  *Green*, 405 F.3d at 1184.  Program Statement 5160.05(9)(b)(3) does not provide such authority; rather, it merely constitutes an

internal agency guideline, which may be altered by the BOP at will. *See Reeb v. Tomas*, 636 F.3d 1224 (9th Cir. 2011). Thus, to the extent that Defendant seeks a modification of his sentence, the Court must deny such a request.

BOP Program Statement 5160.05 *does* provide a process for a sentencee to seek a *nunc pro tunc* designation by the BOP for service of a federal sentence in a state facility. It appears, though, that Defendant has not made use of the available BOP procedures and has opted instead to request an order or amended recommendation from this Court. The Court declines, however, to offer a recommendation in advance of Defendant making such a request through the BOP.

Under Program Statement 5160.05 (9)(b)(4)(c), in determining whether an inmate's request for concurrent service should be granted, the Regional Inmate Systems Administrator must send a letter to the sentencing court inquiring whether it has objections to the designation of a state facility for service of his federal sentence. *See id.* Accordingly, the Court would be afforded, as part of the BOP process, with an opportunity to offer a recommendation for designation of Kentucy State Reformatory Medical Facility for service of Defendant's federal sentence.

Because Defendant has not submitted evidence that he has applied for designation by the BOP of this state facility for service of his federal sentence and/or submitted the appropriate materials in support of such an application, he has failed to exhaust his remedies with the BOP. *See United States v. Eccleston*, CIV04-0250 LH/CEG (D.N.M. Apr. 25, 2007). Consequently, any recommendation from the Court, assuming that it would be inclined to make one at all, would be premature.

**Conclusion**

For all of these reasons, the Court concludes that Defendant's Motion for Order Modifying Defendant's Sentencing Recommendation to Have the BOP Designate a State Facility for Service of Sentence and Request for Concurrent Sentence is not well-taken.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Order Modifying Defendant's Sentencing Recommendation to Have the BOP Designate a State Facility for Service of Sentence and Request for Concurrent Sentence is hereby **denied**.

_____
SENIOR UNITED STATES DISTRICT JUDGE